# In the United States Court of Federal Claims

No. 21-1784C
(Filed: September 13, 2021)

```
************************************
                                    *
RYAN THOMAS BECHARD,                *
                                    *
                    Plaintiff,      *
                                    *
          v.                        *
                                    *
THE UNITED STATES,                  *
                                    *
                    Defendant.      *
                                    *
************************************
```

## ORDER DISMISSING CASE

On August 31, 2021, Plaintiff Ryan Thomas Bechard, proceeding *pro se*,[1] filed a Complaint alleging that the Government's issuance of a Birth Certificate and Social Security Number constitute (1) "fraudulent contracts" and a "legal wrong," and (2) "arbitrary and capricious" Government agency actions. *See* Complaint ("Compl."), ECF No. 1 at 5. Mr. Bechard thereby seeks injunctive and declaratory relief, as well as unspecified damages. *See id.* at 21-26. Also on August 31, 2021, Mr. Bechard filed a Motion to Seal this case and a Motion for a Temporary Restraining Order (TRO). *See* ECF No. 3; ECF No. 2. This Court granted the Motion to Seal on September 1, 2021. *See* ECF No. 9.

### I. Discussion

While *pro se* litigants are generally held to "less stringent standards" than those of a licensed attorney, *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972), such leniency does not relieve Mr. Bechard, as plaintiff, of his burden to establish this Court's jurisdiction over his claim. *See Trusted Integration Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011); *Henke v. United States*, 60 F. 3d 795, 799 (Fed. Cir. 1995). Also, "[t]he fact that [a plaintiff] acted pro se in the drafting of [a] complaint may explain its ambiguities, but it does not excuse its failures, if such there be." *Henke*, 60 F.3d at 799. Accordingly, a *pro se* plaintiff is not excused from the burden

---

[1] Mr. Bechard also filed an application to proceed *in forma pauperis* ("*ifp*") on August 31, 2021. *See* ECF No. 4. The Court **GRANTS** the Motion for the limited purpose of the jurisdictional inquiry.

of meeting the Court's jurisdictional requirements. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

Pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1) (2018), this Court has jurisdiction over statutory, regulatory, and contractual claims against the United States. The Tucker Act itself is only a jurisdictional statute that does not create any independent substantive rights enforceable against the United States for money damages. *See United States v. Testan*, 424 U.S. 392, 398 (1976). Thus, a plaintiff's claim must be for money damages based on a "money-mandating" source of substantive law. *See Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1309 (Fed. Cir. 2008). If it is not based on a "money-mandating" source of law, a plaintiff's claim lies beyond this Court's jurisdiction. *Metz v. United States*, 466 F.3d 991, 997 (Fed. Cir. 2006).

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3). Whether the Defendant has filed a Motion to Dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims, or the court proceeds *sua sponte*, the inquiry focuses on the court's "general power to adjudicate in specific areas of substantive law." *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999). In other words, a court may examine the issue of subject matter jurisdiction "on its own initiative" at any point in a case. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006); *see also Jeun v. United States*, 128 Fed. Cl. 203, 209-10 (2016) (collecting cases).

Mr. Bechard's Complaint hinges on construing his Birth Certificate and Social Security Number as "contract[s]" with the Government. *See* ECF No.1 at 5. However, because this Court's jurisdiction requires "money-mandating" claims, the purported "contract[s]" alleged by Mr. Bechard – which involve no express financial conditions – cannot be sufficient to establish jurisdiction.

Therefore, despite the required deference to Mr. Bechard's *pro se* status, the Complaint must be dismissed for lack of jurisdiction, and the Motion for a TRO must be thereby **DENIED**.

## II. Conclusion

For the reasons stated above, this case is **DISMISSED**. The Clerk of the Court is instructed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/Edward J. Damich
EDWARD J. DAMICH
Senior Judge
